UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN A. BROWN,<br><br>        Petitioner,<br><br>    v.<br><br>JIM ROBERTSON,<br><br>        Respondent. | No.  2:20-cv-0991-KJM-SCR<br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 25, 2024, the court appointed petitioner counsel based on the complexity of the issues involved in this case following a remand from the Ninth Circuit Court of Appeal. ECF No. 50. Currently pending before the court is petitioner's motion to proceed pro se as well as counsel's motion to withdraw. ECF Nos. 54, 56. In light of petitioner's desire to represent himself, the court grants the pending motions and resets the briefing schedule previously ordered by the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to represent himself and to proceed pro se (ECF No. 54) is granted.

2. Counsel's motion to withdraw (ECF No. 56) is granted for good cause shown based on petitioner's desire to represent himself.

3. The Clerk of Court shall terminate Elizabeth H. Richardson-Royer as counsel for petition on the docket of this case.

////

4. Petitioner's supplemental brief on the issue of his exhaustion of state court remedies shall be filed on or before **April 18, 2025**. Petitioner is specifically advised to address whether his pretrial Faretta claim is unexhausted, whether an exception to the exhaustion requirement applies to his case, and whether his failure to exhaust state court remedies should be excused. See 28 U.S.C. § 2254(b)(1).

5. In the event that petitioner's pretrial Faretta claim is unexhausted, petitioner may request a stay and abeyance of his pending § 2254 pursuant to Rhines v. Weber, 544 U.S. 269 (2005), as part of his supplemental brief due by **April 18, 2025**. The court has provided petitioner with the relevant factors in deciding whether to grant a Rhines stay in the attached Notice to Pro Se Petitioner Regarding Exhaustion.

6. Respondent's brief shall be filed on or before **May 19, 2025** and petitioner's reply brief is due prior to **June 18, 2025**.

DATED: February 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2

**NOTICE TO PRO SE HABEAS PETITIONER REGARDING EXHAUSTION**

Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error. See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).

If you have not yet presented all of your claims to the highest state court, you may request the federal court to place your federal habeas petition on hold while you return to state court(s) in order to fully exhaust your claim(s). This is referred to as a "stay and abeyance." Federal law provides for two very different types of a stay and abeyance. Any motion you file for a stay should specify which type of stay you are seeking.

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). You should address all three of these factors if you are requesting a Rhines stay. If the court grants your request for a Rhines stay, the entire federal habeas petition including the unexhausted claim(s) will be put on hold. It does not require you to file any amended federal habeas petition.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and, (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome

1 procedure than a Rhines stay because it requires you to file multiple amended federal habeas
2 petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust.
3 See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).  However, a Kelly stay runs the risk of
4 preventing review on the merits of any unexhausted claim for relief due to the one year statute of
5 limitations governing federal habeas claims.  See King, 564 F.3d at 1140-41 (emphasizing that a
6 "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back
7 into his federal petition once he has exhausted them **only** if those claims are determined to be
8 timely.  Demonstrating timeliness will often be problematic under the now-applicable legal
9 principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1) (stating that a one year period of
10 limitation shall apply to all federal habeas petitions challenging a state court judgment).
11 　　　　Nothing in this notice prevents you from returning to state court while there is a pending
12 motion to dismiss your federal habeas petition based on lack of exhaustion.  If the state court
13 issues a ruling on your constitutional claim(s) while your federal habeas case is pending, you
14 should file a "Notice of Exhaustion" in this court along with a copy of the state court ruling.