1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN A. BROWN,                             No.  2:20-cv-0991-KJM-SCR

12                      Petitioner,

13          v.                                     FINDINGS AND RECOMMENDATIONS

14    JIM ROBERTSON,

15                      Respondent.

16

17          Petitioner is a state prisoner representing himself in this habeas corpus action.  He

18    challenges his 2016 convictions in Sacramento County Superior Court for various sex crimes and

19    robbery.  On April 18, 2024, the Ninth Circuit Court of Appeals remanded this matter for further

20    proceedings, including "consideration of the exhaustion issues and whether to issue a stay under

21    Rhines v. Weber, 544 U.S. 269 (2005)," on petitioner's pretrial Faretta claim requesting the right

22    to represent himself.  ECF No. 44 at 2; see also Faretta v. California, 422 U.S. 806 (1975).  The

23    parties have fully briefed this issue following remand.  ECF Nos. 58, 61-62.  For the reasons

24    explained below, the undersigned recommends granting petitioner a Rhines stay and abeyance.

25          **I.      Procedural History**

26          To understand the present posture of this case, it is necessary to revisit the state and

27    federal proceedings that have occurred to date.  Following his January 8, 2016 sentencing,

28    petitioner appealed his conviction to the California Court of Appeal.  See ECF No. 20-2 at 41-42

(Felony Abstract of Judgment).  Appellate counsel raised four separate issues, including whether the trial court violated petitioner's right to represent himself under the Sixth and Fourteenth Amendments when it denied his post-trial <u>Faretta</u> motion as untimely.  <u>See</u> ECF No. 20-5 at 45-51 (Appellant's Opening Brief).  That <u>Faretta</u> motion had been made six weeks after trial, on the date initially set for petitioner's sentencing hearing.  The California Court of Appeal affirmed the judgment, finding the trial court did not abuse its discretion in denying the post-trial <u>Faretta</u> request as untimely.  ECF No. 20-8.  The California Supreme Court denied the petition for review without comment.  ECF No. 20-10.

During direct appeal proceedings, petitioner filed one complete round of state habeas petitions while representing himself.  ECF Nos. 20-11; 20-13; 20-15.  These state habeas petitions raised various challenges to the preliminary hearing and his trial attorney's effectiveness during the preliminary hearing.

On May 4, 2020, following the conclusion of his direct appeal, petitioner filed the instant federal habeas petition.  ECF No. 1.  For the first time, petitioner challenged the trial court's denial of his <u>Faretta</u> requests made prior to his initial sentencing hearing.  ECF No. 1 at 20, 35.  Petitioner specifically challenged the denial of two separate <u>Faretta</u> requests and included the trial court transcripts from each one.  The first <u>Faretta</u> request was made on November 9, 2015, during the course of voir dire, but before the jury was sworn.[1]  ECF No. 1 at 585-608 (Reporter's Transcript).  The second <u>Faretta</u> request was made on November 18, 2015, at the end of the prosecution's case in chief.  ECF No. 1 at 610-617.  Respondent filed an answer to the § 2254 petition on December 2, 2020, but did not address the merits of these <u>Faretta</u> claims or assert that they were unexhausted in state court.  <u>See</u> ECF No. 24.

On June 22, 2021, the previously assigned magistrate judge issued Findings and Recommendations to deny the habeas petition on the merits.  The magistrate judge assumed, without deciding, that the pretrial <u>Faretta</u> claim was properly exhausted.  ECF No. 31 at 41.  The district judge adopted the Findings and Recommendations in full on September 28, 2021 and

---

[1]  Hereinafter referred to as "the pretrial <u>Faretta</u> claim."

1    dismissed the habeas petition.  ECF No. 38.

2          Petitioner appealed the judgment and the Ninth Circuit Court of Appeals granted a

3    certificate of appealability as to whether the state trial court violated petitioner's constitutional

4    rights by denying his pretrial <u>Faretta</u> request.  On April 18, 2024, the Ninth Circuit remanded this

5    matter for further proceedings "including consideration of the exhaustion issues and whether to

6    issue a stay under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005)" on petitioner's pretrial <u>Faretta</u> claim

7    ECF No. 44.

8          **II.     Scope of Remand**

9          Under the rule of mandate, a lower court receiving a mandate from a higher court "cannot

10   vary it or examine it for any other purpose than execution."  <u>United States v. Cote</u>, 51 F.3d 178,

11   181 (9th Cir. 1996) (citation and quotation omitted).  On remand, the higher court's mandate

12   "controls the [lower court's] resolution of issues 'decided either expressly or by necessary

13   implication'" in the higher court's order.  <u>Magnesystems, Inc. v. Nikken, Inc.</u>, 933 F. Supp. 944,

14   949 (C.D. Cal. 1996) (quoting <u>Quern v. Jordan</u>, 440 U.S. 332, 347 n. 18 (1979)).

15         In this case, there is an inherent tension between the Ninth Circuit's mandate and this

16   court's prior ruling on the merits of petitioner's pretrial <u>Faretta</u> claim.  The magistrate judge

17   previously assigned to this matter bypassed the exhaustion issue and reviewed petitioner's pretrial

18   <u>Faretta</u> claim on the merits.  <u>See</u> ECF No. 31 at 36-42.  In so doing, that magistrate judge

19   concluded that there was a state court ruling, albeit a silent one, on the pretrial <u>Faretta</u> claim to

20   which AEDPA deference could be applied.  <u>See id.</u> at 41-42 (applying the <u>Harrington v. Richter</u>,

21   562 U.S. 86 (2011), presumption that a state court denied a claim on the merits in the absence of

22   any indication of a state law procedural bar).

23         The Ninth Circuit remanded for further proceedings, to include "consideration of the

24   exhaustion issues and whether to issue a stay under <u>Rhines</u>" on petitioner's pretrial <u>Faretta</u> claim.

25   ECF No. 44 at 2.  The necessary implication of the Ninth Circuit's remand directive is that this

26   court must reconsider its prior denial of relief on the merits of the pretrial <u>Faretta</u> claim.  There is

27   no other way to interpret the Ninth Circuit mandate in this case that would not make further

28   proceedings completely superfluous.  Determining the appropriateness of a <u>Rhines</u> stay includes

                                          3

1  reviewing whether the unexhausted claim is "plainly meritless." See Rhines, 544 U.S. at 278.

2  Based on this court's prior ruling on the merits, a Rhines stay would be foreclosed. Accordingly,

3  the scope of remand in this case includes, by implication, a reconsideration of the underlying

4  merits of petitioner's pretrial Faretta claim. See Cote, 51 F.3d at 181 (emphasizing that "a district

5  court could not revisit its already final determinations unless the mandate allowed it"). Viewed in

6  this manner, the undersigned proceeds to faithfully implement the mandate of the Ninth Circuit.

7  **III.    Supplemental Briefs on Remand**

8      In his supplemental brief, petitioner indicates that he was unable to properly exhaust the

9  pretrial Faretta claim due to the ineffective assistance of his counsel on direct appeal in state

10  court. ECF No. 58 at 19. He "unsuccessfully tried to get counsel to raise those counts in her

11  argument but she refused to acknowledge those counts." Id. at 2. In addition, petitioner

12  submitted his correspondence with appellate counsel and a declaration from her acknowledging

13  the lack of any strategic reason for excluding the pretrial Faretta claim.

14      Petitioner appears to argue, in the alternative, that his pretrial Faretta claim is technically

15  exhausted but procedurally defaulted due to an implied state law bar prohibiting second or

16  successive state habeas petitions. ECF No. 58 at 19. Since petitioner filed one full round of state

17  habeas petitions during the pendency of his direct appeal, he assumes that the state court would

18  bar a new petition. Id. at 73-74. However, to explain his delay in pursuing this state relief via

19  state habeas, petitioner again asserts the ineffective assistance of his appellate counsel. Thus, the

20  procedural default of this claim should be excused because there was no logical or tactical reason

21  why appellate counsel would raise a post-trial Faretta challenge while not also including the

22  pretrial Faretta claim. Id. at 74.

23      Finally, petitioner asserts that respondent has waived the exhaustion requirement since it

24  was not raised in the answer to the § 2254 petition. ECF No. 58 at 67; see also ECF No. 24

25  (Answer). Petitioner further points out that exhaustion is an affirmative defense and respondent's

26  failure to raise it constitutes a waiver thereof. ECF No. 58 at 71.

27      In addressing petitioner's alternative argument that the pretrial Faretta claim is

28  procedurally defaulted, respondent argues that appellate counsel's ineffectiveness does not

4

1    constitute cause to excuse this default. ECF No. 61. Based on this analysis, respondent argues

2    that a stay is a moot point, even though he concedes that state court review of the claim is still

3    available if the federal court finds petitioner's procedural default excused. ECF No. 61 at 2-3.

4    As to the merits of the pretrial Faretta claim, respondent suggests that "the trial judge *did* sub

5    silento rule that on November 9, 2015, the Sixth Amendment no longer guaranteed Petitioner a

6    right of self-representation." ECF No. 61 at 7 (emphasis in original). Notably, respondent does

7    not acknowledge or even address his failure to argue lack of exhaustion in the original answer to

8    petitioner's § 2254 petition, much less to address petitioner's pretrial Faretta claim on the merits

9    at that juncture. See ECF No. 24.

10         In reply, petitioner clarifies that he does request a Rhines stay and also argues, in the

11    alternative, that any procedural default of his Faretta claim is excused. ECF No. 62 at 2.

12    Regarding the merits of the claim, petitioner points out that "the trial court didn't deny a Faretta

13    request on the merit [sic], she denied a Marsden motion on the merit [sic]. The hidden agenda is

14    not that she could of [sic] denied the [Faretta] request as untimely, it's that she completely

15    ignored that request." Id. at 8.

16         Even though a large portion of the parties' briefs focused on the issue of procedural

17    default, that issue is not before the court on remand as explained *supra*. The court will not then

18    analyze procedural default. Instead, the court will focus its analysis on the proper scope of the

19    Ninth Circuit's remand order which concerns exhaustion and the availability of a Rhines stay and

20    abeyance.

21         **IV.    Exhaustion of State Court Remedies**

22         Before this court can grant relief on any habeas claim, petitioner must have exhausted his

23    state court remedies. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is based on the

24    important principle of state court comity which undergirds federal habeas corpus jurisprudence.

25    See Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (federal habeas petitioners must "seek full relief

26    first from the state courts, thus giving those courts the first opportunity to review all claims of

27    constitutional error").

28    /////

### A.  Legal Standards

A petitioner satisfies this exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each habeas claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).  A federal court may not entertain a habeas petition unless the petitioner has exhausted state remedies for each of the claims raised therein.  Rose, 455 U.S. at 515-22 (establishing the total exhaustion rule).

### B.  Analysis

In this case, petitioner conceded on appeal that his pretrial Faretta claim had not been presented to any state court prior to filing his § 2254 petition.  See ECF No. 44.  This court has reviewed petitioner's state habeas petitions and concludes that they did not include the pretrial Faretta claim.  Moreover, respondent has not explicitly waived the exhaustion requirement, despite not including it in the answer.  See 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement … unless the State, through counsel, expressly waives the requirement.").  A waiver of exhaustion, thus, may not be implied or inferred.  Id.  Based on the record before the court, the pretrial Faretta claim has not been properly exhausted in state court.

### V.    Stay and Abeyance

### A.  Legal Standards

A district court may stay a habeas petition containing an unexhausted claim for relief if the petitioner demonstrates (1) good cause for the failure to previously exhaust the claim in state court, (2) the claim at issue potentially has merit, and (3) petitioner has been diligent in pursuing relief.  See Rhines, 544 U.S. at 278.  If petitioner fails to establish any of these three factors, then a Rhines stay is not appropriate.

6

1    Rhines does not define what constitutes good cause for failure to exhaust.  The Supreme

2    Court has noted in dicta that "[a] petitioner's reasonable confusion about whether a state filing

3    would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust, Pace v.

4    DiGuglielmo, 544 U.S. 408, 416 (2005), and the Ninth Circuit has held that a showing of good

5    cause does not require "extraordinary circumstances."  Jackson v. Roe, 425 F.3d 654, 661-62 (9th

6    Cir. 2005).  More recently, the Ninth Circuit explained that "[a]n assertion of good cause without

7    evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's

8    failure to exhaust."  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).  However, "a reasonable

9    excuse, supported by sufficient evidence" to justify a petitioner's failure to exhaust, will

10    constitute good cause.  Blake, 745 F.3d at 982.

11        As to the second factor, potential merit, "[a] federal habeas petitioner must establish that

12    at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under

13    Rhines."  Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) (quoting Rhines, 544 U.S. at 277).

14        Finally, in order to be entitled to a Rhines stay, petitioner must not have engaged in

15    "abusive litigation tactics or intentional delay."  See Rhines, 544 U.S. at 278.  In evaluating this

16    factor, a court may consider a habeas petitioner's "lack of resources and legal training."  Bynoe v.

17    Baca, 966 F.3d 972, 981-82 (9th Cir. 2020) (reviewing the diligence requirement under Rule

18    60(b) of the Federal Rules of Civil Procedure in the context of a pro se habeas litigant who lacked

19    resources and legal training).

20    **B.  Analysis**

21        As explained in further detail below, the undersigned finds that petitioner satisfies the

22    three requirements for obtaining a stay and abeyance under Rhines to return to state court to

23    properly exhaust his pretrial Faretta claim.

24    **1.  Good Cause for Failure to Exhaust**

25        In evaluating petitioner's cause for failing to exhaust his pretrial Faretta claim, the court

26    looks to the relevant time period in which exhaustion would have been proper in state court based

27

28

                                    7

on the nature of the claim.[2]   The pretrial <u>Faretta</u> claim arose during voir dire proceedings in the

trial court and was apparent from the record.  As such, this was a claim that should have been

raised and exhausted on direct appeal.  Petitioner explains in his supplemental briefs that he

specifically asked his appellate counsel to include the pretrial <u>Faretta</u> claim in the opening brief.

Petitioner thus demonstrates a reasonable excuse based on the ineffectiveness of his appellate

counsel for his failure to exhaust this claim.  <u>See</u> <u>Blake</u>, 745 F.3d at 982 (finding that good cause

is established when petitioner submits a "reasonable excuse, supported by sufficient evidence, to

justify that failure" to previously exhaust state court remedies).  He has supplemented the record

with evidence demonstrating that appellate counsel had no reasonable nor tactical basis upon

which to exclude the pretrial <u>Faretta</u> claim while raising a post-trial <u>Faretta</u> challenge.  ECF No. 1

at 788; ECF No. 58 at 167-168; <u>see also</u> <u>Blake</u>, 745 F.3d at 982.  Appellate counsel concedes as

much.  <u>See</u> ECF No. 58 at 168 (Appellate Counsel Declaration indicating that she "did not have a

strategic or tactical reason for declining to raise a claim….").  Respondent does not suggest, nor

can the court conceive of, any tactical reason for including the weaker post-trial <u>Faretta</u> claim in

the opening brief without also raising petitioner's pretrial invocation of <u>Faretta</u>.  On this record,

petitioner has adequately demonstrated good cause for failing to exhaust the pretrial <u>Faretta</u> claim

based on appellate counsel's ineffectiveness.  <u>See</u> <u>Blake</u>, 745 F.3d at 983 (holding that "district

court abused its discretion in concluding [petitioner] failed to establish good cause" where "post-

conviction counsel's performance  was defective"); <u>Wagner v. Smith</u>, 581 F.3d 410, 419 n. 4 (6th

Cir. 2009) (noting that "[a]t the very least, Petitioner seems to have a compelling 'good cause'

argument that his appellate counsel was ineffective for failing to raise these claims on appeal");

---

[2]  This same "relevant time frame" analysis has been used to determine the statute of limitations
as well as procedural default issues in federal habeas petitions.  <u>See</u> <u>Runningeagle v. Ryan</u>, 825
F.3d 970, 980 (9th Cir. 2016) (reviewing the relevant time period under state law for raising
ineffective assistance of counsel claims); <u>Laws v. Lamarque</u>, 351 F.3d 919, 923 (9th Cir. 2003)
(reviewing petitioner's mental competence between 1996 and 2000 as the relevant time period for
statutory and equitable tolling purposes); <u>Fields v. Calderon</u>, 125 F.3d 757, 760 (9th Cir. 1997)
(analyzing the adequacy of a procedural bar by reviewing the relevant time period "at the time the
claim should have been raised"); <u>Calderon v. Bean</u>, 96 F.3d 1126, 1130 (9th Cir. 1996) (holding
that the relevant time period for determining whether a procedural rule was firmly established and
regularly followed by state courts is "the time of purported procedural default").

1  Phelps v. Peery, Case No. 22-cv-01729-JSC, 2022 WL 4021712, at \*3 (N.D. Cal. Sept. 2, 2022)

2  (finding that the "failure by counsel to include claims… in the opening appellate brief… which

3  would have garnered their merits review and exhausted them, constitutes 'good cause' under the

4  first prong of Rhines").  Accordingly, petitioner has met the first prong of the Rhines standard.

5          **2.  Potential Merit of Pretrial Faretta Claim**

6          To meet the second requirement for a stay, petitioner must demonstrate that the pretrial

7  Faretta challenge is not "plainly meritless."  Rhines, 544 U.S. at 277.  Here again, principles of

8  comity and federalism dictate that federal courts tread lightly in reviewing the merits of an

9  unexhausted claim.  See Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017).  Despite the need to

10  proceed carefully, this court may deny a stay on the basis of this requirement "only when it is

11  perfectly clear" that petitioner has not raised even a colorable Faretta claim to warrant a stay of

12  these proceedings.  See Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

13          Over fifty years ago in Faretta v. California, 422 U.S. 806 (1975), the Supreme Court

14  announced that the Sixth Amendment guarantees criminal defendants charged in state court with

15  the right to waive counsel and to represent themselves in order to conduct the defense of their

16  own choosing upon a timely request before the trial court.[3]  "The language and spirit of the Sixth

17  Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment,

18  shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling

19  defendant and his right to defend himself personally."  Faretta, 422 U.S. at 820.  The right to self-

20  representation cannot be denied even if the defense is conducted to the defendant's own

21  detriment.  Id. at 834.  A defendant's  "choice must be honored out of 'that respect for the

22  individual which is the lifeblood of the law.'"  Id. (citing Illinois v. Allen, 397 U.S. 337, 350-351

23  (1970) (Brennan, J., concurring)).

24          Before granting the right to self-representation, a trial court must ensure that the defendant

25  knowingly and voluntarily waives his right to be represented by a lawyer; the waiver must also be

26  unequivocal.  See Faretta, 422 U.S. at 835; Godinez v. Moran, 509 U.S. 389, 400 (1993).

27

28  [3]  More specifically, this right to self-representation is a requirement of the Due Process Clause of the Fourteenth Amendment.  See Faretta, 422 U.S. at 818.

9

1   "Although a defendant need not himself have the skill and experience of a lawyer in order

2   competently and intelligently to choose self-representation, he should be made aware of the

3   dangers and disadvantages of self-representation, so that the record will establish that 'he knows

4   what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 835 (citation and

5   quotations omitted). Although no specific colloquy is constitutionally mandated, see Iowa v.

6   Tovar, 541 U.S. 77, 88 (2004), the Ninth Circuit requires three critical elements for a valid Faretta

7   waiver: "A waiver of counsel will be considered knowing and intelligent only if the defendant is

8   made aware of (1) the nature of the charges against him; (2) the possible penalties; and (3) the

9   dangers and disadvantages of self-representation, so that the record will establish that 'he knows

10  what he is doing and his choice is made with eyes open.'" United States v. Farhad, 190 F.3d

11  1097 (9th Cir. 1999) (per curiam) (citations and quotations omitted). These critical elements of a

12  Faretta colloquy should be made in open court and on the record. Id.

13       Based on the transcript of the November 9, 2015 hearing, the trial court ignored

14  petitioner's request to represent himself without engaging petitioner in any type of colloquy to

15  determine whether his unequivocal request was knowing and voluntary. See ECF No. 1 at 586,

16  591 (Faretta requests during November 9, 2015 Marsden hearing). Rather, the trial court

17  continued with the Marsden hearing, which concerned petitioner's request to substitute his court-

18  appointed counsel. Ultimately, the trial court denied petitioner's Marsden motion. However, at

19  no time, did the trial court return to the issue of petitioner's request to represent himself after

20  denying the Marsden motion. Compare ECF No. 1 at 620-626 (considering petitioner's

21  November 18, 2015 Faretta request after trial had commenced and denying it as untimely after

22  denying petitioner's Marsden motion).

23       The trial court's failure to conduct any Farreta colloquy following petitioner's

24  unequivocal request to represent himself renders the claim potentially meritorious. See Batchelor

25  v. Cain, 682 F.3d 400 (5th Cir. 2012) (affirming the grant of habeas relief and emphasizing that

26  "[i]t was the trial court, and not [defendant], which failed to respond properly to the discussion of

27  the Faretta motion. Under Faretta, the trial court should have initiated a colloquy…."); Moore v.

28  Haviland, 531 F.3d 393 (6th Cir. 2008) (finding that the trial court's failure to engage defendant

10

1    in a colloquy to address his mid-trial Faretta request was an unreasonable application of federal

2    law warranting habeas relief).  A Faretta claim is not subject to harmless error review.  McKaskle

3    v. Wiggins, 465 U.S. 168, 177 n. 8 (1984).  The denial of a criminal defendant's right of self-

4    representation is per se reversible error.  See id.; see also Cordova, 346 F.3d 924 (9th Cir. 2003)

5    (finding state court's harmless error analysis to be contrary to clearly established Sixth

6    Amendment Supreme Court precedent when defendant invoked his Faretta right of self-

7    representation, the trial court did not provide proper admonishments against waiving his right to

8    counsel, and he proceeded to represent himself at trial).  Therefore, it is not necessary to

9    determine whether this error was harmless in evaluating the potential merit of the claim.  Based

10   on this analysis, the undersigned finds that the pretrial Faretta claim meets the second prong of

11   Rhines and is not plainly meritless.[4]

12          **3. Petitioner's Diligence in Pursuing Relief**

13          Respondent does not argue, and the record does not support, a lack of diligence on the part

14   of petitioner in pursuing relief based on the pretrial Faretta claim.  In fact, petitioner repeatedly

15   requested that his appellate counsel raise this claim as part of his direct appeal.  That request was

16   not heeded and, upon the conclusion of direct appeal, petitioner raised his pretrial Faretta claim

17   for the first time in this court on federal habeas review.  Normally, petitioner could have pursued

18   his pretrial Faretta claim by filing a state habeas petition after his direct appeal had been decided.

19   However, in this case, petitioner filed an entire round of state habeas petitions before his direct

20   appeal had concluded.  See ECF Nos. 20-11; 20-13; 20-15.  Although filing state habeas petitions

21   sooner rather than later was not the wisest of strategies in this case, it certainly cannot be

---

22   [4]  For this reason, reconsideration of this court's prior ruling on the merits of the pretrial Faretta

23   claim is warranted because it was premised upon the proposition that some state court actually
     adjudicated petitioner's pretrial Faretta claim.  In fact, as explained above, not even the trial court

24   ruled that claim.  To frame this in terms of federal habeas doctrine, there was not just one silent
     state court denial of habeas relief, but an underlying silent denial by the trial court when petitioner

25   initially invoked his right to represent himself.  Even the AEDPA does not countenance the denial
     of habeas relief on multiple silent state court decisions.  See ECF No. 31 at 41-42 (assuming

26   without deciding that the California Supreme Court's denial of habeas relief was a "silent
     denial"); see also Harrington, 562 U.S. 86, 98-99 (2011) (explaining that silent state habeas

27   denials are presumed to be based on the merits of the claims "in the absence of any indication or

28   state-law procedural principles to the contrary").

1   described as a lack of diligence on petitioner's part.  As a result, this court finds that petitioner

2   meets the diligence requirement.

3       In conclusion, the undersigned finds that petitioner has met the requirements for a <u>Rhines</u>

4   stay and abeyance in order to return to state court to exhaust his pretrial <u>Faretta</u> claim.

5       **VI.    Plain Language Summary for Party Proceeding Without a Lawyer**

6       Since petitioner is representing himself in this case, the court wants to make sure that the

7   words of this order are understood.  The following information is meant to explain this

8   order in plain English and is not intended as legal advice.

9       The undersigned has concluded that you meet the three requirements for obtaining a

10  <u>Rhines</u> stay of your federal habeas petition while you return to state court to exhaust your pretrial

11  <u>Faretta</u> claim.  This means that your federal case will be paused while you ask the state court for

12  relief.

13      If you disagree with this recommendation, you have 21 days to explain why it is not the

14  correct outcome in your case.  Label your explanation "Objections to Magistrate Judge's Findings

15  and Recommendations."  The district court judge assigned to your case will review any objections

16  and make the final decision in your case.

17      Accordingly, IT IS HEREBY RECOMMENDED that:

18      1. Petitioner's request for a <u>Rhines</u> stay in order to exhaust his pretrial <u>Faretta</u> claim in

19  state court be granted.

20      2. Petitioner be directed to file a status report with this court every 90 days indicating

21  what step(s) he has taken to exhaust his state court remedies with respect to his pretrial <u>Faretta</u>

22  claim.

23      3. Petitioner be further ordered to file a motion to lift the stay of this case within 30 days

24  from the date of any decision by the California Supreme Court on state habeas review.

25      These findings and recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after

27  being served with these findings and recommendations, any party may file written objections with

28  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

1   Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

2   served and filed within fourteen days after service of the objections.  The parties are advised that

3   failure to file objections within the specified time may waive the right to appeal the District

4   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5   DATED: October 6, 2025

6

7

8                                           SEAN C. RIORDAN
                                            UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28